OPINION OF THE COURT
Harry R. Brown, J.
Defendant has moved for an order pursuant to CPLR 3212 granting it summary judgment dismissing plaintiff’s complaint against it. Plaintiff has opposed the application.
After oral argument held before the court, the parties were directed to supply the court with a copy of the transcript of the oral argument.
Plaintiff commenced this action seeking to recover the sum of $12,600 which she claims she was entitled to but which defendant wrongfully paid to another individual upon the death of her brother, Edward Murphy. Plaintiff asserts that Citibank wrongfully paid one Robert E. Harrington the proceeds of two individual retirement accounts established by Edward Murphy which named plaintiff as the beneficiary. It is plaintiff’s position that her brother established a number of *605 separate individual retirement accounts at Citibank and that she was named beneficiary of the first two accounts that he opened.
In support of its motion for summary judgment, defendant states that it has been the policy of Citibank that an individual retirement account (hereinafter IRA) is treated as a single trust that may contain many different "subaccounts”. These subaccounts are created each time a contribution is made to the IRA. Defendant asserts that when Edward Murphy made his third contribution to his IRA on August 24, 1982, he changed the beneficiary of his IRA to Robert E. Harrington. It is defendant’s contention that since the IRA is a single account, this beneficiary change affected the prior contributions to the IRA as well as any subsequent ones. To support this position, defendant points to the language on the reverse side of the IRA application form used by Edward Murphy on August 24, 1982 wherein it states that "[b]y naming a beneficiary on this Application, you cancel any earlier designation you may have made with respect to the assets in your Citibank IRA.”
In opposition to defendant’s application, plaintiff asserts, inter alia, that there were numerous and distinct individual retirement accounts with Citibank, that the proliferation of numerous ambiguous forms by Citibank regarding the designation of a beneficiary renders their IRA beneficiary policy void, and that Citibank was negligent in paying Harrington all of the funds in the IRA when they had information to indicate that there was a different beneficiary designated to receive part of the funds.
In this court’s opinion, the motion by Citibank for summary judgment dismissing the complaint must be granted. Plaintiff’s papers in opposition to this motion fail to raise any issues of fact which necessitate a trial of this action. On the contrary, the information submitted by defendant Citibank conclusively establishes to this court’s satisfaction that the IRA was treated by Citibank as a single account and that Citibank clearly indicated on its forms that by naming a new beneficiary, any earlier beneficiary designation was canceled. Had Edward Murphy wanted both plaintiff and Robert Harrington to share the proceeds of his IRA upon his death, he could have made them joint beneficiaries, which the instructions on the Citibank IRA forms clearly spell out. Further, there is no probative evidence submitted to the court to indicate that Citibank negligently paid Robert Harrington the *606 entire proceeds when they were aware of a possible claim to the funds. The evidence indicates that plaintiff only contacted the bank after the receipt by Robert Harrington of the IRA proceeds.
For these reasons, the motion shall be granted and the complaint dismissed.